

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1012
Re: Refund of motor fuel tax -
date of sale.

We are in receipt of your letter of June 20, 1939, which reads as follows:

"On May 27, 1938, the Pan-American Airways ordered a quantity of motor fuel from the Texas Company at Port Arthur, Texas. The motor fuel was shipped by rail by the Texas Company, from Port Arthur to Pan-American Airways at Brownsville, on May 27, 1938. An invoice of exemption issued by the Texas Company on May 27, 1938, and was sent to the Pan-American Airways at Brownsville by mail. The motor fuel reached Pan-American Airways at Brownsville May 30, 1938. Claim for refund of the tax was made by Pan-American Airways and filed in the Comptroller's Department November 28, 1938.

"The question arises in the payment of this claim as to whether the 27th of May or the 30th of May is to be taken as the date of purchase, or date of sale. If May 30th is to be taken as the date of sale, then the claim was filed within a six months' period. If the 27th is to be taken as the date of sale, then the six months' limitation has run.

Honorable George H. Sheppard, Page 2

"In this connection I refer you to Article 7065a-13.

"I shall thank you to advise this department as to which of the dates, May 27, 1938, or May 30, 1938, is to be considered as the date of sale."

We have also been informed that the invoice indicates that the car of motor fuel referred to in your letter was shipped freight prepaid, terms net 30 days, price f.o.b. point of origin, and was no doubt shipped on open bill of lading.

Article 7065a-13, R. C. S., 1925, insofar as it applies to the limitation on the refund of motor fuel tax, provides as follows:

"(c) When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of purchase of motor fuels upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit on such forms as may be prescribed by the Comptroller . . . No refund shall be made where motor fuel is used later than six (6) months from the date of purchase or appropriation and no refund shall ever be made where it appears from the invoice or from the affidavit or other evidence submitted that the sale or purchase was made more than six (6) months prior to the date of the filing of the application for refund in the office of the Comptroller."

When referring to the date of sale or purchase it must be presumed that the Legislature had in mind the commonly understood meaning of those terms as defined by the courts, unless it clearly appears from the context that a different meaning was intended. 39 Tex. Jur. p. 197, p. 200. We find nothing in the act which would indicate that the

Honorable George H. Sheppard, Page 3

Legislature intended the date of sale to be other than that definitely established by the courts.

When the fuel in question was delivered into the tank car at Port Arthur it was thereby segregated from the mass, identified and put in a deliverable condition. 37 Tex. Jur. p. 448, sec. 202.

It is an established rule of law that when property is delivered to a carrier by a vendor, pursuant to an order or contract, or where the contract is silent on the place of delivery, the delivery to the carrier operates as a delivery to the vendee, in the absence of a contract or agreement to the contrary, and upon the happening of the event title passes to the vendee and the sale is consummated. Alexander v. Heidenheimer (Com. App. 1920) 221 S. W. 942; Browning-Ferris Machine Company v. Tompson (T. C. A. 1933), 58 S. W. (2) 183; Embree-McLean Carriage Company v. Lusk (T. C. A. 1895), 33 S. W. 154; Thomas v. Gulf Banana Dispatch Company (T. C. A. 1930, writ dismissed), 26 S. W. (2) 665; Keller v. State (Tex. Cr. 1905), 87 S. W. 669.

It is our opinion that the date of sale of the motor fuel under the facts above stated was May 27, 1938.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_

Cecil C. Cammack
Assistant

APPROVED JUL 6, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN